UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

*In re:*                                                    Chapter 11

SHAHLA TEHRANI                                              Case No. 17-73170

        Debtor and
        Debtor-in-Possession.

-----------------------------------------------------------x

## SECOND AMENDED PLAN OF REORGANIZATION
## OF SHAHLA TEHRANI

Shahla Tehrani, (hereinafter the "Debtor") proposes the following Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §1121(a).

### ARTICLE I

### DEFINITIONS

1. "Code" shall mean the Bankruptcy Reform Act of 1978 as modified in Title 11, United State Code.

2.    "Confirmation Date" shall mean the date on which the Plan is confirmed by Order of the Court.

3. "Court" shall mean the United States Bankruptcy Court for the Eastern District of New York.

4. "Debtor" shall mean SHAHLA TEHRANI.

5. "Effective Date" is herein defined as thirty (30) days from the date upon which the Order of the Confirmation of this plan or any amended plan of reorganization filed by the Debtors

is entered by the Court assuming that no appeal from Said Order of Confirmation is filed. If there is an appeal from the Order of Confirmation, the Effective Date will be thirty (3) days after the date on which all appeals have been withdrawn, dismissed or otherwise completed, or thirty (30) days after any such order becomes dispositive of said appeal and confirming a plan of the Debtors becomes final and subject to no further appeal.

6. "Plan" shall mean this Second Amended Plan of Reorganization.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTEREST

1. CLASS I – consists of Allowed Administrative Claims are an amount to be determined as of the date of this Disclosure Statement. The Plan contemplates paying the following items in full on the Plan Confirmation Date and to be determined subject to Court approval.

2. Pankaj Malik, Esq.; Court approved bankruptcy counsel approximately $50,000.00.

3. Ballon Stoll Bader & Nadler court approved bankruptcy attorneys $25,000.00.

4. The foregoing estimated payments to be made to Court approved professionals are subject to the approval of the Bankruptcy Court prior to payment. The amount shown as payable to the Debtor's counsel does not reflect the $25,000.00 retainer previously paid to Debtor's counsel. The Office of the U.S. Trustee's administration fees are also to be paid in full on the Effective Date, as are any other allowed administrative claims. The U.S. Trustee's payment is calculated at 7% and estimated to be $105,000.00 and paid pro rata over the duration of the Plan.

5. CLASS II – consist of the secured claims of the mortgage holders on the properties located at 485 Bryant Avenue, Roslyn Harbor, New York. We are seeking an exception to this section as the plan is being funded by non-debtors who do not reside in the premises and are acting as investors/financers to provide for their parents.  The Class II secured claims are secured solely by a security interest in the Debtor's principle residence and thus are not subject to modification in accordance with 11 U.S.C. §1123(b)(5). The residential investment property 785 Bryant Avenue, Roslyn Harbor, NY will be sold in a short sale.  On May 9, 2018, the Hon. Robert Grossman granted the creditor, Rushmore Loan Management Services' motion for relief from stay and a short sale is in process.

6. CLASS III - consist of under-secured portions of the Class II mortgage described above.  Each under-secured claim holder will be offered a choice between a Subordinate Note or termination of the under-secured claim.

## ARTICLE III

## ADMINISTRATIVE EXPENSES UNDER §507(a)(1)

1. Allowed Administrative Claims (designed as Class I Claims) shall be paid in full, on the latter of the Plan Confirmation Date or the date they are allowed by an Order of the Bankruptcy Court.  The payments contemplated by the Plan shall constitute full satisfaction of allowed Administrative Claims.  Administrative Claims include any post-petition, unpaid bills or charges incurred in the ordinary course of business and the fees and expenses allowed to professionals employed upon Court authority to render services to the Debtor during the course of the Chapter 11 case.

2. The sole professional currently engaged during the pendency of this bankruptcy case is Pankaj Malik Esq., bankruptcy counsel for the Debtor. Fees incurred by the Debtor subsequent to the filing of the Debtor's Chapter 11 petition are administrative claims payable by the Debtor pursuant to her Plan of Reorganization.

3. The debtor expects to be current with respect to all debt, if any, owed to taxing authorities such as income taxes, which could be considered an administrative claim. As the debtor contemplates full payment of all debt of such type within (30) thirty days of its incurrence. No special provision is made for the payment of this debt in the Debtor's Plan of Reorganization.

4. The Debtor expects to be current with respect to all debt to taxing authorities such as property taxes which could be considered an administrative claim. The Debtor contemplates full payment of all debt in the Debtor's Plan of Reorganization.

5. In order to be compensated, all professionals related to this case must apply to the Bankruptcy Court for compensation and will be paid the amount which the Bankruptcy Court allows. (This Disclosure Statement was prepared and submitted at a point anticipated to be approximately thirty (30) days prior to the date of proposed for Confirmation and more work by the Debtor's bankruptcy counsel may be rendered to the Debtor. Nonetheless, Debtor's counsel does not expect total professional fees and costs to exceed $100,000.00.)

6. The Debtor estimates that the Bankruptcy Court may allow total compensation for Ballon Stoll Bader & Nadler for attorney fees of approximately $25,000.00 in this Chapter 11 case, which should be paid in full upon confirmation of this case.

7. CLASS II consists of the secured claim of MTGLQ Investors, LP c/o Rushmore Loan Management Services holder of the mortgage on property located at 785 Bryant Avenue, Roslyn Harbor, New York. The Class II creditor, holding a claim of $2,210,277.88 will release the lien and deficiency judgment by short sale of the property.

### ARTICLE IV

1. On May 9, 2018, the Hon. Robert Grossman granted the creditor, Rushmore Loan Management Services' motion for relief from stay and a short sale is in process. When approved, Debtor will file an amended Plan seeking to discharge any under-secured deficiency.

### ARTICLE V

### RETENTION OF JURISDICTION

Following the Effective Date, the bankruptcy court shall retain jurisdiction of the Case for the following limited purposes:

1. To take any action to resolve any disputes arising out of or relating to any Claim, to determine other issues presented by or arising under the Plan, and to take any action to resolve any disputes of creditors with respect to their Claims.

2. To construe and to take any action to enforce the Plan, issue such orders as may be necessary for the implementation, execution and consummation of the Plan, and determine all other matters which may be pending on the Confirmation Date.

3. To determine any and all applications ending on the Confirmation Date or thereafter for the rejection, assumption or assignment of executory contracts or unexpired leases and the allowance of any Claim resulting therefrom.

4. To determine all applications, adversary proceedings, contested matters and other litigated matters pending on the Effective Date; and

5. To determine such other matters and for such other purposes as may be provided in the Confirmation Order; and

6. To modify the Plan but only in accordance with the Plan or to remedy any apparent non-material defect or omission in the Plan, or to reconcile any non-material inconsistency in the Plan so as to carry out its intent and purposes; and

7. The Effective Date shall be thirty (30) days after confirmation, or at the conclusion of all appeals from an order confirming this Plan.

## ARTICLE VI

## PROVISION FOR DISPUTED CLAIMS

1. The Debtor may object to the allowance of any Claim within 30 days of the Confirmation Date, by filing an objection with the Bankruptcy Court and serving a copy thereof on the holder of the Claim, in which event the Claim objected to will be treated as a Disputed Claim under the Plan.

## ARTICLE VII

## ADMINISTRATIVE EXPENSES AND OTHER POST PETITION CLAIMS

1. All secured obligations incurred by the Debtor in the ordinary course of business in the Chapter 11 case, shall be paid in full at the time of Confirmation, as and when due in the ordinary course of business except as provided herein.

2. The Debtor will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6). After confirmation, the Debtor will serve the United States Trustee with a monthly financial report for each month or portion thereof while the case remains open. The monthly financial report shall include the following:

(a) A statement of all disbursements made during the course of the month, whether or not pursuant to the plan; and

(b) A summary, by class, of amounts distributed or property transferred to each recipient under the plan and an explanation of the failure to make any distributions or transfers of property under the plan; and

(c) Debtor's projections as to its continuing ability to comply with the terms of the plan; and

(d) A description of any other factors which may materially affect the Debtor's ability to consummate the plan; and

(e) Estimated date when an application for final decree will be filed with the court or in the case of the final monthly report, the date the decree will be filed.

## ARTICLE VIII

## DISCHARGE

Pursuant to 11 U.S.C. §1141(d)(5), confirmation of this Plan does not discharge the Debtor of any debt provided for in this Plan until the Court grants a discharge upon completion of all payments under the Plan, unless after notice and hearing the Court orders otherwise for cause.

Dated: May 21, 2018

                                                Respectfully submitted,

                                                WARSHAW BURSTEIN LLP

By: _____
     PANKAJ MALIK
     555 Fifth Avenue
     New York, NY 10017
     (718) 657-5755
     (718) 425-4101
     pmalik@wbny.com